IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

ANTHONY L. STROTHER, )
)
Petitioner, )        Civil Action No. 3:24-cv-00157
)
vs. )
)        United States Magistrate Judge
PENNSYLVANIA BOARD OF )        Christopher B. Brown
PAROLE, and SUPERINTENDENT OF )
SCI-HOUTZDALE, )
)
Respondents. )

**MEMORANDUM OPINION RE: PETITION UNDER 28 U.S.C. § 2254
FOR WRIT OF HABEAS CORPUS, ECF NO. 7**

**Christopher B. Brown, United States Magistrate Judge**

Pending before the Court[1] is the Petition for Writ of Habeas Corpus

("Petition") filed by Petitioner, Anthony L. Strother, under 28 U.S.C. § 2254. ECF

No. 7. Strother challenges the July 5, 2024, decision of the Pennsylvania Board of

Probation and Parole denying him parole. For the reasons below, the Court will

deny the Petition and will deny a certificate of appealability.

**I.    Relevant Background**

Strother is serving a sentence of 20 years' imposed on October 2, 2013 by the

Court of Common Pleas of Bucks County at criminal docket number CP-09-CR-

0000971-2013 after he entered a guilty plea to a charge of rape of an unconscious

victim. ECF No. 10-2, at 1. Three months later, on January 9, 2014, Strother was

---

[1]    All parties have consented to full jurisdiction before a United States Magistrate Judge,
including entry of a final judgment, pursuant to 28 U.S.C. § 636(c). *See* ECF Nos. 13 and 14.

sentenced to a term of 3 years' incarceration by the Court of Common Pleas of Montgomery County for parole violations at criminal docket number CP-46-CR-0008935-2004.  *Id.*  And on January 27, 2014, he was sentenced to a term of imprisonment of 1-2 years' incarceration by the Court of Common Pleas of Bucks County at criminal docket number CP-09-CR-0007406-2013 after he entered a guilty plea to one-count each of criminal attempt, indecent exposure, and open lewdness without the consent of others.  *Id.*  His controlling minimum date as determined by the Pennsylvania Department of Corrections was January 20, 2018 and his controlling maximum date is January 20, 2032.  *Id.*

Strother has been denied parole seven times in decisions rendered by the Pennsylvania Board of Probation and Parole ("the Board"):  on September 28, 2017; January 19, 2019; June 15, 2020; June 24, 2021; June 30, 2022; June 28, 2023, and, most recently, July 5, 2024.  *Id.*, 5-17.  The instant Petition challenges the Board's most recent denial.[2]  Strother asserts this decision violated his constitutional right to substantive due process.  Respondents filed an Answer.  ECF No. 10.  Strother did not file a reply.  The Petition is now ripe for consideration.

## II.    Discussion

This Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners like Strother who are in custody pursuant to a state-court judgment.  It permits a federal court to grant a state prisoner a writ of habeas

---

[2]     The instant petition was timely filed because it was filed within one year of the date the Parole Board's decision became final.  28 U.S.C. § 2244(d)(1) (one-year limitations period); *McAleese v. Brennan*, 483 F.3d 206 (3d Cir. 2007) (applying AEDPA's limitations period to parole denial and measuring that period from the date of the parole denial).

corpus "on the ground that he is in custody in violation of the Constitution . . . of the United States." 28 U.S.C. § 2254. It is Strother's burden to prove he is entitled to the writ. *See id.*

### A.  Exhaustion

State prisoners typically must "exhaust their claims in state court before seeking relief from the federal courts." *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). In 2005, in *Defoy v. McCullough*, 393 F.3d 439 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that, aside from litigating an ex post facto claim, Pennsylvania law does not provide a mechanism by which a prisoner can challenge a parole denial. *Id.* at 445. Therefore, the Court of Appeals held a Pennsylvania prisoner who is challenging the denial of parole is exempt from the exhaustion requirement that applies to other constitutional claims. *Id.* The continuing validity of *Defoy*, however, has been called into question. *See, e.g.*, *Begandy v. Pennsylvania Bd. of Prob. & Parole*, No. 2:19-cv-0639, 2021 WL 1986415, at *4 (W.D. Pa. May 18, 2021); *Bradley v. Wingard*, No. 3:15-cv-0235, 2017 WL 11476608, at *1 (W.D. Pa. Oct. 12, 2017), *report and recommendation adopted*, 2018 WL 10150909 (W.D. Pa. Sept. 5, 2018). That said, *Defoy* has not been overruled and this Court has no discretion to disregard binding precedent. A court, however, "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits." *Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012); *Taylor v. Horn*, 504 F.3d 416, 427 (3d Cir. 2007) ("[B]ecause we will deny all of [petitioner's] claims on the merits, we

need not address exhaustion.").  Here, because Strother's claim has no merit and because it is more efficient for the Court to deny it on that basis, the Court will decline to make a ruling on exhaustion and instead proceed to review Strother's claim on its merit.

### B.    Merits

Strother argues that his substantive due process rights were violated by the Board's most recent denial of parole.[3]  The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law[.]" U.S. Const. amend. XIV.  The Court of Appeals for the Third Circuit has held that "once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons."  *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980).  The Supreme Court has also held that "although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'"  *Burkett v. Love,* 89 F.3d 135, 139 (3d Cir. 1996) (quoting *Perry v. Sindermann*, 408 U.S. 593, 597 (1972)).  Under substantive due process, as the term has been construed by the courts, a state may not deny parole on constitutionally impermissible grounds, such as race, religion, or the exercise of free speech rights.

---

[3]     Strother correctly advances his substantive due process rights rather than his procedural due process rights.  There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.*" Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Thus, absent a liberty interest in parole, a state's decision to deny parole does not implicate procedural due process protections.

*Block,* 631 F.2d at 237.  In addition, a state may not base a parole decision on factors bearing no rational relationship to rehabilitation or deterrence.  *Id.*

Additionally, the Court of Appeals for the Third Circuit has stressed that a substantive due process claim based on alleged arbitrary and capricious action is not easily mounted.  *Hunterson v. DiSabato*, 308 F.3d 236, 246-47 (3d Cir. 2002).  That is because the relevant level of arbitrariness required to find a substantive due process violation involves not merely unreasonable action, but something more egregious, which the Court of Appeals has explained at times to be "conscience shocking."  *Id.* at 246-47; *see also Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct.") (internal quotations and citations omitted).  The Court of Appeals has also stated: "[F]ederal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."  *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001).

Here, the Board informed Strother his parole was denied for these reasons:

- Your risk and needs assessment indicating your level of risk to the community.

- Reports, evaluations and assessments/level of risk indicates your risk to the community.

- Your failure to demonstrative motivation for success.

- Your minimization/denial of the nature and circumstances of the offense(s) committed.

- Your lack of remorse for the offense(s) committed.

ECF No. 10-2 at 11.  Strother was informed that at his next interview, to be held on

or after June 2026, the Board will review his file and consider:

- Whether you have maintained a favorable
  recommendation for parole from the Department of
  Corrections;

- Whether you have maintained a clear conduct
  record.

*Id.*, 11-12.

Strother does not dispute the relevance and legitimacy of these factors or that

they bear a rational relationship to the interests of the Commonwealth; rather he

challenges the Board's assessment of these factors in relation to him.  For instance,

he claims the Board's decision "is contrary to all the things petitioner has

accomplished to demonstrate that he is rehabilitated." ECF No. 1 at 1.  As support,

he has attached copies of his high school diploma awarded on July 15, 2016, and

four Certificates of Completion recognizing his completion of training programs in

2017.  *Id.*, 3-7.  He argues:

> The parole board had not spent enough time
> reviewing the petitioner, they had never came to his cell,
> or class room, or his groups.  They have based their
> decision solely on a report composed and designed to
> express the negative things petitioner has done in his
> past.  The decision made by parole, could only be
> described as arbitrary, egregious, or conscious shocking.

ECF No. 1, at 1. Although the Board's stated reasons appear to be a number of

boilerplate grounds to deny one parole without specific details as they relate to

Strother, such disagreements with the Board's assessments do not establish a right

6

to habeas relief.  Strother, who bears the burden of proof, does not direct the Court

to any factor relied upon by the Board that could be described as "conscience

shocking" and fails to demonstrate he was denied parole for any impermissible

reason or allege any facts which can suggest the Board's decision lacked "some

basis."

In essence, Strother is asking the Court to second-guess the Board in its

analysis.  And as set forth above, this is something this Court cannot do.  "[F]ederal

courts, on habeas review, are not to 'second-guess parole boards,' and the

requirements of substantive due process are met if there is some basis for the

challenged decision." *Hunterson,* 308 F.3d at 246 (quoting *Coady*, 251 F.3d at 487).

Said differently, this Court cannot substitute its judgment for that of the Board.

This Court may only determine whether the Board's decision was based on any

factor prohibited by law.  As reflected in the Board's decision, Strother was denied

parole after an interview, a review of his file, and consideration of the matters set

forth in the Prisons and Parole Code. ECF No. 10-2 at 17.  Because the Board

advanced multiple bases for its denial, albeit without much detail, none of them

were based on any factor prohibited by law. Accordingly, the Court finds the Board's

decision does not offend substantive due process and Strother is not entitled to

habeas relief.

## C.    Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

codified standards governing the issuance of a certificate of appealability for

7

appellate review of a district court's disposition of a habeas petition.  AEDPA limits the issuance of a certificate of appealability to circumstances where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id*.  Here, Strother failed to allege the denial of a constitutional right that would entitle him to habeas relief, let alone demonstrate a substantial showing of the denial of such a right.  Accordingly, the Court will not grant him a certificate of appealability on his claim.

## III.    Conclusion

For the above reasons, the Petition for Writ of Habeas Corpus, ECF No. 7, will be denied and a certificate of appealability also will be denied.  An appropriate Order follows.

DATED this 22nd day of July, 2025.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:    ANTHONY L. STROTHER
        LE-9945
        SCI HOUTZDALE
        P.O. Box 1000
        209 Institution Drive
        Houtzdale, PA 16698-1000
        (via U.S. First Class Mail)

        Jason A. Lambrino
        Pennsylvania Parole Board Office of Chief Counsel
        (via ECF electronic notification)